IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD JOHNSON, # 216638, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | Civil Action No. 1:18cv575-WKW |
| ) | (WO) |
| PATRICE RICHIE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Bernard Johnson is a state inmate confined at the Bullock Correctional Facility in Union Springs, Alabama. Through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), Johnson challenges the constitutionality of his 2001 convictions in the Circuit Court of Dale County, Alabama, for the offenses of first degree sodomy, § 13A-6-63, Ala. Code 1975; attempted rape in the first degree, §§ 13A-6-61 and 13A-4-2, Ala. Code 1975; and third degree assault, § 13A-6-22, Ala. Code 1975. The trial court sentenced Johnson to 30 years in prison for first degree sodomy, 20 years for attempted rape in the first degree, and one year for third degree assault, all terms to run concurrently. Because Johnson's § 2254 petition is a successive habeas application filed without the required appellate court permission, it should be denied and this case summarily dismissed.

## **DISCUSSION**

This court's records indicate that Johnson has filed two prior habeas petitions under 28 U.S.C. § 2254 challenging the same convictions and sentence he challenges in his current petition. In the first of those prior habeas actions, this court denied Johnson relief

and dismissed the case with prejudice on the ground that Johnson failed to file the § 2254 petition within the one-year limitation period in 28 U.S.C. § 2244(d). *Johnson v. Giles, et al.,* Civil Action No. 1:09cv1149-TMH, Doc. Nos. 13 & 15.  The final judgment in that case was entered by the district court on October 19, 2011. *Id.*, Doc. No. 16.  In the second of Johnson's prior habeas actions, this court dismissed the case with prejudice because Johnson had failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing the district court to consider his successive habeas application.[1]  *See Johnson v. Jones, et al.*, Civil Action No. 1:15cv707-MHT, Doc. Nos. 4, 6 & 7.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

---

[1] In recommending that Johnson's second § 2254 petition be dismissed, the Magistrate Judge noted, with regard to Johnson's first § 2254 petition, that the denial of a § 2254 petition for untimeliness under 28 U.S.C. § 2244(d) qualifies as an adjudication on the merits for purposes of AEDPA's successive petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of 28 U.S.C. § 2244(b)(1)–(3). *Johnson v. Jones, et al.*, Civil Action No. 1:15cv707-MHT, Doc. No. 4 at 3 (citing *Murray v. Greiner*, 394 F.3d 78, 79 (2nd Cir. 2005), and *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)).
.

(continued…)

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[2]  28 U.S.C. § 2244(b)(3)(B) & (C).

Johnson furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Johnson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals

---

[2] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

(continued…)

authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and this case DISMISSED with prejudice under the provisions of 28 U.S.C. § 2244(b)(3)(A), as Johnson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before July 6, 2018. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on

---

[3] In an apparent effort to circumvent AEDPA's successive petition rules, Johnson maintains that his instant § 2254 petition challenges the April 13, 2018 certificate of judgment entered by the Alabama Court of Criminal Appeals in Johnson's appeal from the denial of a state Rule 32 petition Johnson filed in April 2017. Johnson contends that his instant petition constitutes his first challenge to the April 13, 2018 "judgment." *See* Doc. No. 1 at 2-4. However, § 2254 is a vehicle for attacking the judgment of a state court under which a person is in custody. *See* 28 U.S.C. § 2254(a). Johnson is in custody pursuant to the 2001 judgment of the state court sentencing him to a total of 30 years upon his conviction for first degree sodomy, attempted rape in the first degree, and third degree assault. The instant petition is his third attack on that judgment and is therefore successive.

unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; see Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 21st day of June, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge